UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY | CIVIL NO. 4:11-CV-1851 |
| Plaintiff | (District Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| J. MURRAY CO., INC. MURRAY LEASING, INC., and MURRAY MOTORS AUTO EXCHANGE LLC | |
| Defendants | |

## Report and Recommendation

[Motion for Partial Summary Judgment - Doc. 71]

## INTRODUCTION

Before the Court is Plaintiff Universal Underwriters Insurance Company's ("Plaintiff" or "Universal") MOTION for Partial Summary Judgment *on Bad Faith Claim* [Counterclaim VI] (Doc. 71),[1] filed on November 6, 2012. The Motion has been fully briefed and is therefore ripe for our disposition. For the reasons articulated herein, it is recommended that the Motion be denied.

## STATEMENT OF MATERIAL FACTS

Defendants J. Murray Motor Co., Inc., Murray Leasing, Inc. and Murray Motors Auto Exchange LLC, (hereinafter collectively "Murray" or "Defendants")

---

[1] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

an automotive dealer, service center, and financier in Muncy, Pennsylvania, entered into an insurance agreement (the "Policy") with Universal. (Doc. 7, ¶ 22). The Policy insured, amongst other things, the property Murray held at 85 Griffith Road, Muncy, Lycoming County, Pennsylvania. *Id.* ¶24. During Tropical Storm Lee in September 2011, the Griffith Road property experienced an estimated $1,700,000 in storm damage ("Storm Damage"). *Id.* ¶ 28. In accordance with their understanding of the Policy, Murray notified Universal of the damages and received assurance from an authorized representative of Universal that the Policy "indemnified [Murray] for the Storm Damage." *Id.* ¶ 30. Universal then sent a team of adjusters to inspect the damage and determine the amount of coverage available to Murray under the Policy. *Id.*

At some point, Universal halted the inspection of Murray's Griffith Road property and informed Murray that the Policy had an explicit coverage exclusion for damage due to storms. *Id.* ¶ 31. As such, Universal refused to indemnify Murray for the Storm Damage. *Id.* Murray insisted that prior to Universal's explanation for ceasing the inspection they were unaware that the Policy held an exclusion for Storm Damage. *Id.* ¶ 32.

Pending before the Court is a motion for partial summary judgment by the Plaintiff Universal. In their motion, Universal argues that that they are entitled to a grant of partial summary judgment with regard to Count VI of Defendant Murray's

answer and counterclaim. For the reasons set forth below, it is recommended that Plaintiff Universal's motion for partial summary judgment be denied.

**PROCEDURAL HISTORY**

On October 6, 2011 Universal commenced this action by filing a complaint seeking a decree that Universal is not required to provide coverage for the Storm Damage. (Doc. 1). In response, Murray filed an answer with affirmative defenses and counterclaims. (Doc. 7). In Count VI of their counterclaims, Murray alleges that Universal acted in bad faith toward the Defendants as that term is defined at 42 Pa. C.S.A. § 8371. *Id.* ¶¶63, 64. Thereafter, Universal filed the instant motion, arguing that Universal's conduct does not fall under the definition of bad faith as described in the statute, even under Murray's description of the facts of the case. (Doc. 71).

**SUMMARY JUDGMENT STANDARD**

The Plaintiffs have moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v.*

*U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met this burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, *supra*, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving

party provides merely colorable, conclusory, or speculative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, *supra*, 477 U.S. at 248. A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248-49. When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson*, *supra*, 477 U.S. at 249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the

need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, *supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex*, *supra*, 477 U.S. at 323). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

**DISCUSSION**

As previously discussed, Universal as the moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex*, *supra,* 477 U.S. 317, 323 (1986). To accomplish this goal

Universal first describes the high standard presented by the Pennsylvania bad faith statute. (Doc. 72 at 17). Universal correctly cites both the relevant test which determines whether the statute should be applied and the clear and convincing standard needed to prove bad faith. *Id.*

The relevant statute, 42 Pa.C.S.A. § 8371, reads as follows:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
    (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
    (2) Award punitive damages against the insurer.
    (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

As both parties correctly note, Pennsylvania courts have used a two-pronged test when determining whether to apply Section 8371. (Docs. 72 at 18; 77 at 16). The test states that bad faith cannot be triggered absent a showing by clear and convincing evidence that an insurer:

(1) Unreasonably denied coverage and
(2) knew or recklessly disregarded its lack of a reasonable basis to deny the insured's claim.

*Atiyeh v. National Fire Insurance Company*, 742 F.Supp.2d 591, 2010 LEXIS 102697 (ED. Pa. 2010), citing *Toy v. Metropolitan Life Insurance Company*, 593 Pa. 20, 31, 928 A.2d 186, 193 (2007); *Terletsky v. Prudential Property & Casualty Insurance Company*, 437 Pa.Super. 108, 125, 649A.2d 680, 688 (1994).

The purpose of the Section 8371statute is further described in *Brown v. Progressive Insurance Company*, 860 A.2d. 501 (Pa. Super. 2004):

> To constitute bad faith, it is not necessary that the insurer's conduct be fraudulent. *Adamski v. Allstate Ins. Co.,* 738 A.2d 1033, 1036 (Pa.Super.1999) *appeal denied,* 563 Pa. 655, 759 A.2d 381 (Pa.2000). However, mere negligence or bad judgment is not bad faith. *Id.* To support a finding of bad faith, the insurer's conduct must be such as to "import a dishonest purpose." *Id.* In other words, the plaintiff must show that the insurer breached its duty of good faith through some motive of self-interest or ill will. *Id.*

In light of this mutually agreed upon standard, Universal's case for partial summary judgment rests on three basic arguments:

1. Murray is unable to reach the clear and convincing evidence standard necessary to establish bad faith.

2. Universal had a reasonable basis for denying the claim and ceasing investigations at the time of the incident due to the plain language of the Policy, and therefore could not have acted in bad faith.

3. Murray alleges that Universal's addition of the flood exclusion to the Policy was due to negligence, therefore precluding a bad faith claim.

(Doc. 72 at 19-24).

The Court will now address each of these arguments.

**1. Universal Claims that Murray is Unable to Reach the Clear and Convincing Evidence Standard Necessary to Establish Bad Faith**

The Supreme Court of the United States has found that when evidence requirements apply, the appropriate question at the summary judgment stage is: whether the evidence on record could support a reasonable jury finding that the non-moving party has met that standard. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). In other words, the Court is not required at this stage to decide whether Murray's evidence of bad faith is clear and convincing. *Id.* The Court is only required to decide whether Murray has provided enough evidence that a reasonable jury *may* find clear and convincing evidence that Universal acted in bad faith. Therefore avoiding summary judgment at this stage is a lower burden than actually proving bad faith at trial.

Murray has produced evidence in support of their bad faith claim against Universal. As outlined in Murray's brief, this evidence includes:

  a. Affidavits of Brian L Peace and Amanda Laylon, taken together with the deposition testimony of representatives of Universal.
  b. Michael Byrne testified that he changed the terms of the Policy from a $5,000 per vehicle deductible to a flood exclusion due to never receiving an updated flood evacuation plan. Byrne stated that he never discussed the change with Murray.
  c. A jury could find that the email from Robert Shore to Murray discussing the flood evacuation plan was a representation from Universal that Murray's Policy still contained flood coverage.
  d. A jury could find that the email from Robert Shore to Murray discussing the flood evacuation plan suggested to Murray that a flood evacuation plan was not necessary to maintain flood coverage.
  e. A jury could reasonably decide not to believe the claims by Ben Corcetti, Robert Shore, and other Universal employees that they have no recollection of ever discussing flood coverage or a flood exclusion with Murray.

f. Universal adjustor Gerweek testified that, when he told Peace about the flood exclusion, it appeared that Peace was unaware that it existed.
   g. Townsend testified that, in the course of his analysis of the Defendants' Storm Damage claim, he did not see "any piece of paper" which indicated to him that the Defendants were aware of the flood exclusion.
   h. The expert report of Jerry Milton, who will testify that industry standards within the insurance industry (in addition to existing Pennsylvania law) require actual notice to an insured of the modification of an insurance policy at renewal.

(Doc. 77, pp. 5-12).

The large amounts of evidence presented by both sides in this case present numerous questions for a jury to resolve at trial. More importantly, this court has determined that Murray has provided enough evidence that a reasonable jury may find clear and convincing evidence that Universal acted in bad faith in denying insurance coverage to Murray by virtue of the way the policy was "amended."

2. **Universal Claims that they had a Reasonable Basis for Denying the Claim and Ceasing Investigations at the Time of the Incident Due to the Plain Language of the Policy and Therefore could not have Acted in Bad Faith**

Universal states in its brief that because the Policy specifically excludes losses due to flood damage and Murray's losses were caused by flooding, Universal had a reasonable basis to deny the claim and cease their investigation. (Doc. 72 at 19, 20). (citing *Costello v. Government Employees Ins. Co.*, No. 3:CV-09-1246, 2010 WL 1254273, at *9 (M.D. Pa. Mar. 25, 2010)).

Although the Policy at the time of the flood did include a flood exclusion, Murray actually argues that Universal committed bad faith at an earlier time. Murray clearly states in their brief in opposition that the bad faith allegedly occurred earlier, "With regard to the complete failure of Universal to notify the Defendants that Universal had unilaterally inserted the Flood Exclusion in Policy 274589." (Doc. 77 at 16). Murray cites *Tonkovic v. State Farm Mutual Insurance Company*, 513 Pa 445, 521 A.2d 920 (1987), which states that "the insurer may not unilaterally change the coverage provided without an affirmative showing that the insured was notified of, and understood, the change. . ." 521 A.2d at 925.

Murray's allegations, if true, may show bad faith by Universal at several stages. These stages include: (1) the alleged unilateral change to the Policy, (2) the alleged failure to notify or even attempts to mislead Murray about the extent of their flood coverage. If these allegations are taken to be true they may be sufficient to "import a dishonest purpose." *Adamski v. Allstate Ins. Co., supra,* 738 A.2d 1033. If Universal is found to have modified the agreement in bad faith before the flood, then their actions may be found to be bad faith despite the fact that the Policy at the time of the flood included a flood exclusion.

3. **Universal Claims that Murray Alleges that Universal's Conduct in Adding the Flood Exclusion was Negligent, Therefore Precluding a Bad Faith Claim**

Universal points out that Murray, in their Answer and Counterclaim, stated that they believed that Universal's inclusion of the flood exclusion in the Policy "resulted from an error by the Plaintiff," "resulted from the inadvertence of the Plaintiff, or a mutual mistake." (Doc. 72 at 23, 24). See also (Docs. 7 ¶¶48, 54; 54 ¶¶50, 56). Universal therefore argues that Murray cannot allege bad faith, which requires more than mere negligence.

Although Universal is correct in pointing out that a bad faith claim requires dishonesty and not merely negligence, Murray is clearly claiming separate, alternative theories of recovery. In Murray's Answer and Counterclaim Count V, negligence, is separate and distinct from Count VI, bad faith. (Doc. 7 at 13, 16). Murray does not allege negligence in the bad faith portion of their Counterclaim, and the word "negligence" does not even appear outside of the Counterclaim concerning Murray's negligence counterclaim. *Id.* Murray's Counterclaim for bad faith instead incorporates the affirmative defenses of ¶¶20-37 for its basis.

Furthermore, Murray is permitted to claim alternative theories of recovery, as described in Federal Rule of Civil Procedure 8(d)(2)&(3), which states:

> (2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
> (3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d).

**RECOMMENDATION**

Accordingly, based on all of the foregoing reasons, it is recommended that Plaintiff Universal Underwriters Insurance Company's Motion for Partial Summary Judgment on Counterclaim VI (Doc. 71) should be **DENIED**.

Respectfully submitted this 28th day of October, 2013.

*William I. Arbuckle, III*
William I. Arbuckle, III
U.S. Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNIVERSAL UNDERWRITERS INSURANCE COMPANY** | : | CIVIL NO. 4:11-CV-1851 |
| Plaintiff | : | (District Judge Brann) |
| v. | : | (Magistrate Judge Arbuckle) |
| **J. MURRAY CO., INC. MURRAY LEASING, INC., and MURRAY MOTORS AUTO EXCHANGE LLC** | : | |
| Defendants | : | |

## NOTICE OF REPORT & RECOMMENDATION

NOTICE IS HEREBY GIVEN that the Magistrate Judge has entered the foregoing Report and Recommendation.

Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> **Any party may object** to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within fourteen (14) days after being served** with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. **The briefing requirements set forth in Local Rule 72.2 shall apply**. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Signed on October 28, 2013.

***<u>William I. Arbuckle, III</u>***
William I. Arbuckle, III
U.S. Magistrate Judge